IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FRANKLIN L. WILLIAMS,

    Plaintiff,

vs.                                    CIVIL ACTION NO.: CV507-026

RICHARD E. CURRIE, District
Attorney; STATE OF GEORGIA;
ANTHONY YOUMANS, Detective;
Sgt. WESIS, and MORRIS J.
BROWN, informant,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at the McIntosh County Jail in Darien, Georgia, filed a complaint pursuant to 42 U.S.C. § 1983. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions of § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts he was on another person's property when he was arrested and charged with drug possession. Plaintiff contends he has yet to receive a warrant for this arrest. Presumably, Plaintiff asserts he was wrongfully arrested and has been illegally detained since his arrest.

In general, the distinction between claims that may be brought as § 1983 claims and those that must be brought as habeas petitions is now reasonably well settled. Claims in which prisoners assert that they are being subjected to unconstitutional punishment not imposed as part of their sentence, such as, for example, being subjected to beatings at the hands of correctional officers, are § 1983 actions, not habeas actions. See, e.g., Hudson v. McMillian, 503 U.S. 1, 112 S. Ct. 995, 117 L. Ed.2d 156 (1992). Habeas actions, in contrast, are those that explicitly or by necessary

implication challenge a prisoner's conviction or the sentence imposed on him by (or under the administrative system implementing the judgment of) a court. See, e.g., Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed.2d 906 (1997); Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed.2d 383 (1994).

Based on this settled distinction, the claim at issue and the relief sought here are far more analogous to those in habeas petitions rather than § 1983 actions. Plaintiff's claim challenges an arrest he contends occurred without a warrant or probable cause. Because the relief requested under § 1983 would undermine his conviction, the court must treat the claim as a habeas corpus claim. Gwin v. Snow, 870 F.2d 616, 626 (11th Cir. 1989). Although Plaintiff contends that the alleged false arrest violated his constitutional rights, he has failed to prove that his conviction has been invalidated by any court of this state. Should Plaintiff wish to assert a claim for money damages under § 1983, he cannot do so unless and until he has proven the termination of his prior criminal prosecution in his favor. Heck, 512 U.S. at 484, 114 S. Ct. at 2371.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim for which relief may be granted pursuant to 42 U.S.C. § 1983.

**SO REPORTED** and **RECOMMENDED**, this 27th day of March, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE